UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHELTON CHAPPELL, MARTHA
BOLDEN, RUTHIE MONTERO,
JACKIE WILLIAMS, PAULA BURNS,
Individually and as Personal
Representative of the Estate of
Johnnie Mae Chappell,
ALONZO CHAPPELL, and
ERNEST CHAPPELL,

      Plaintiffs,

v.

J. W. RICH, individually, WAYNE
M. CHESSMAN, individually,
ELMER KATO, individually,
JAMES ALEX DAVIS, individually,
NATHANIEL GLOVER,  SHERIFF
OF DUVAL COUNTY, FLORIDA as
successor to DALE CARSON, and
DALE CARSON, individually, and
as former SHERIFF OF DUVAL
COUNTY, FLORIDA,

      Defendants.

CASE NUMBER:

3:00-CV-313-J-20A

---

COMPLAINT AND DEMAND FOR  JURY TRIAL

I.  INTRODUCTORY STATEMENT

PLAINTIFFS are the adult natural children of Johnnie Mae Chappell

who died on March 23, 1964 in a "drive by" shooting during a period of

racial unrest in Jacksonville, Duval County, Florida.  Plaintiffs seek redress

including monetary damages for intentional discrimination on account of race in violation of the Constitution and laws of the United States with regard to the deprivation of their rights by Defendants, the homicide of their mother, the "cover up" by the Defendants, the deprivations inflicted upon the Defendants, as well as other legal rights set forth below.

### JURISDICTION AND VENUE

1.    This action arises under Civil Rights Act of 1871, 42 USC Section 1983, 42 USC Section 1985, 42 USC Section 1981, 42 USC Section 1986 and the First, Fifth and Fourteenth Amendments to the U.S. Constitution.  The amount in controversy exceeds $75,000, exclusive of interest, costs and jurisdiction of the court is pursuant to 28 USC Sections 1331, 1343(a)(1) and 1367.

2.    Venue is proper in this district pursuant to 28 USC Section 1391 as all actions giving rise to this claim occurred in this district.

### PARTIES

3.    Plaintiffs are African American citizens of the States of Florida and Georgia and are the natural children of Johnnie Mae Chappell, deceased.  Plaintiff Paula Burns is the Personal Representative of the Estate of Johnnie Mae Chappell.

4.     Defendants J.W. Rich, Elmer Kato, Wayne M. Chessman and James Alex Davis are white citizens of Duval County, Florida are sued in their individual capacities.

5.     Defendant, Nathaniel Glover is Sheriff of Duval County, Florida. He is sued in his capacity as Sheriff and as successor to Dale Carson, former Sheriff of Duval County, Florida.

6.     Dale Carson is the former Sheriff of Duval County, Florida and is sued individually and in his former capacity as Sheriff, together with his surety company.

## FACTUAL ALLEGATIONS

7.     On and prior to March 23, 1964, Johnnie Mae Chappell was married to Willie Chappell and resided at 8003 Pippit Avenue, Jacksonville, Duval County, Florida.

8.     Plaintiffs were and are the natural African American children of Johnnie Mae Chappell, and Plaintiff Paula Burns is the Personal Representative of the Estate of Johnnie Mae Chappell.

9.     In March of 1964, and prior thereto, there was racial strife, unrest, and violence in Jacksonville, Duval County, Florida. Segregation of the races was still practiced and the Civil Rights Movement was gaining momentum in the community.

10.    Haydon Burns was Mayor of Jacksonville and was a candidate for Governor of Florida. Elections were set for November of 1964. State and national attention was focused on the pending legislation in Congress, not yet passed, which came to be known as the Civil Rights Act of 1964. Mayor Burns was called upon, but at first refused to appoint a bi-racial committee to ease racial tension. Demonstrations by African Americans were commonplace. On March 21, 1964, Mayor Burns spoke to the citizens of Jacksonville via live television and radio address. He reiterated existing law and swore in 496 Firemen as special police officers, to enforce laws aimed primarily at preserving the then existing status quo. This action effectively doubled the number of city police officers.

11.    In March of 1964, Defendant Dale Carson was Sheriff of Duval County, Florida. As such, he was responsible for the policies, practices, and procedures of the Sheriff's Office and the customs/usages and actions of his deputies. The actions of Sheriff Carson and his deputies was under color of State and/or local law.

12.    On March 23, 1964, Defendants J.W. Rich, Wayne M. Chessman, Elmer Kato and James Alex Davis (hereinafter referred to as "Conspirators") combined, confederated, conspired and agreed, each amongst the other to threaten, intimidate, cause injury to, recklessly and/or negligently endanger or otherwise injure and/or deprive African American citizens of their civil

-4-

rights, liberties, due process, and equal protection under the law, due solely to their race or color.

13.    On said date, in furtherance of the aforesaid conspiracy, said Conspirators entered Kato's vehicle and travelled together, North on U.S. Highway 1 in Duval County, Florida, armed with a loaded .22 caliber pistol. At said time and place, Johnnie Mae Chappell, a 35 year old black female, was walking South on the Eastern edge of said highway, after dark, with two (2) African American companions, searching for her lost wallet.

14.    As the Conspirators' vehicle approached Johnnie Mae Chappell and her companions, one of the Conspirators negligently, carelessly, with total disregard for the life, safety and rights of Johnnie Mae Chappell, and/or with malice due solely to a racially biased animus, with intent to deprive Johnnie Mae Chappell of her civil and constitutional rights, did discharge the aforesaid pistol in the direction of Johnnie Mae Chappell. Said action was in furtherance of the conspiracy and without regard for the injuries, damages, and deprivations to Johnnie Mae Chappell, her husband and her children.

15.    As a direct and proximate result of the aforesaid acts of the Conspirators, Johnnie Mae Chappell was struck by a bullet and killed.

16.    After the shooting, the Conspirators sped away and were not recognized and remained at Liberty.    This tragedy occurred at

approximately 8:00 p.m. on March 23, 1964. An investigation at the scene occurred by Duval County Sheriff's deputies on the night of the crime.

17.    Johnnie Mae Chappell was taken to Duval County Medical Center where she was pronounced dead on arrival. She was then transferred to the morgue. An autopsy was performed by the Medical Examiner on March 24, 1964 at 9:35 a.m. which confirmed the bullet wound as the cause of death. The Medical Examiner recovered the bullet from Johnnie Mae Chappell's body and delivered it to Sheriff's Deputy Detective Sergeant R.W. Grant at 10:15 a.m. on that same date.

18.    After the initial investigation at the scene of the crime, no further action was taken by the Duval County Sheriff's Office until on or about August 10, 1964 when Sheriff's Office Detectives C. Lee Cody and Donald R. Coleman, investigating an unrelated crime, had an unintentional encounter with one of the Conspirators who, out of apparent remorse, engaged the deputies in conversation and admitted to his involvement in Johnnie Mae Chappell's death, implicating the others as well. As a result, J. W. Rich, Elmer Kato, Wayne M. Chessman, and James Alex Davis were arrested and charged with First Degree Murder. The murder weapon was also recovered.

19.    After the arrest of the aforesaid four (4) suspects, Detectives Cody and Coleman tried to determine who had been "working the case"

-6-

within the Duval County Sheriff's Office involving the homicide of Johnnie Mae Chappell. They were unable to find any detectives working the case. They looked for the investigative file but it could not be located.

20.   In 1964, J.C. Patrick was Chief of Detectives of the Duval County Sheriff's Office and had been for many years prior thereto. J.C. Patrick was a duly sworn deputy of Defendant Dale Carson and at all times material hereto, acted under color or state and/or local law. Chief Patrick was responsible for assignment of investigations to the Detective Unit and controlled the course of investigation by detectives of the Duval County Sheriff's Office. Chief Patrick joined the conspiracy by secreting investigative reports and not assigning the case for follow up investigation.

21.   Chief of Detectives J. C. Patrick, at all times material hereto, was well known within the Detective Division and elsewhere for his segregationist views and racial intolerance. He had a policy, customs, and usage of deliberate indifference to the welfare and civil rights of African American citizens of the community solely because of their race or color, including Plaintiffs herein. Sheriff Carson was well aware of the views, policies, customs and usage of his deputy, Chief Patrick but failed to take corrective action in reference thereto. Accordingly, he acquiesced therein and approved of the policies, customs and usage of deliberate indifference of his deputy, Chief Patrick.

-7-

22.    Detectives Cody and Coleman, in searching for the investigative file on the Chappell homicide, discovered papers protruding from underneath the desk chair floor pad in Chief Patrick's office. In lifting the pad, they discovered numerous case reports, including the original case report on the Chappell homicide. Upon this discovery, Detectives Coleman and Cody brought the matter to the attention of Sheriff Carson, who assured his deputies that he would look into the matter.

23.    The following day, Chief Patrick called Detectives Coleman and Cody into his office and sternly disciplined them for their actions and removed them from further investigation of the Chappell case and other cases. Shortly thereafter, Detective Cody was transferred to Warrants and Detective Coleman was assigned to the Juvenile Division as a Bailiff. In December of 1965, they were terminated from the Duval County Sheriff's Office. These actions by Chief Patrick were in furtherance of the conspiracy alleged herein and were approved by Sheriff Carson, who thus joined the conspiracy and/or became responsible therefore.

24.    The Grand Jury returned an Indictment on September 25, 1964 charging Defendants Rich, Chessman, Kato and Davis with Murder in the First Degree.    Defendant Rich was charged with firing the weapon and Defendants Chessman, Kato, and Davis were charged with "aiding and

abetting, helping, assisting, comforting, procuring, encouraging, counselling and commanding" Defendant Rich in the commission of the crime.

25.     Defendants Chessman, Kato, and Davis were severed from Defendant Rich who went to trial on November 30, 1964. On December 2, 1964, the jury returned a Guilty of Manslaughter verdict against J.W. Rich. On January 4, 1965, J.W. Rich was sentenced to ten (10) years in the state prison. The murder weapon was not entered into evidence. Other evidence was not presented to the jury.

26.     On January 18, 1965, the State moved for entry of a Nolle Prosequi as to Defendants Chessman, Davis, and Kato, citing "insufficient evidence" for trial.

27.     The Plaintiffs herein were minors at the time of Johnnie Mae Chappell's death. Willie Chappell, the widower of Johnnie Mae Chappell, worked two (2) jobs and was unable to care for the children, Plaintiffs herein. Plaintiff, Shelton Chappell, was placed in a series of foster homes by the State. Plaintiff, Ernest Chappell, was placed in a series of foster homes by the State. Plaintiff, Alonzo Chappell, was placed in a series of foster homes by the State. Plaintiff, Martha Bolden, continued living in Georgia with her grandmother. Plaintiff, Ruthie Montero, continued living in Miami, Florida with her aunt. Plaintiff, Paula Burns, went to live with extended family.

28.    Willie Chappell, Sr., widower of Johnnie Mae Chappell, never remarried and died on December 10, 1995, in Jacksonville, Florida.

29.    The Plaintiffs herein, as a direct result of the aforesaid conspiracy, were minors and unable to assert their rights, bring actions in Court, redress their deprivations or injuries or investigate into their mother's death.

30.    On or about March 23, 1996, Plaintiff, Shelton Chappell, became aware of the conspiracies and deprivations herein recited.

31.    The conspiracy herein alleged is ongoing and continuing. There has been, and continues to be, fraudulent concealment of the facts, and denial of access to the Courts and other deprivations as herein alleged, including but not limited to:

(a)    The Jacksonville Sheriff's Office has no file regarding the Chappell homicide;

(b)    The State Attorney's Office has no file regarding the Chappell homicide; and

(c)    No transcripts of proceedings have been preserved;

32.    Defendants' conduct in the aforesaid shooting of Johnnie Mae Chappell, the subsequent cover up thereof and the deprivations of Plaintiffs' access to the Courts, the conspiracy to obstruct justice, the obstruction of justice, the interference with family relations, the negligent

-10-

and or intentional infliction of emotional distress and other deprivations as aforesaid, were based solely on Plaintiffs' race or color and deprived Plaintiffs of their constitutional rights to equal protection under the First and Fourteenth Amendments to the U.S. Constitution.

## COUNT I

### 42 USC  SECTION 1983

33.     Plaintiffs reaffirm and reallege the General Allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     This count is brought against Defendants J.W. Rich, individually, Elmer Kato, individually, Wayne M. Chessman, individually, and James Alex Davis, individually, Dale Carson, individually and as former Sheriff of Duval County, Florida, and Nathaniel Glover as Sheriff of Duval County, Florida and successor to Dale Carson.

35.     The aforesaid Defendants, at all times material hereto, acted under color of state and/or local law.

36.     Defendant, Dale Carson, individually and as former Sheriff had a policy, custom or practice on his own behalf and/or through his deputy, Chief of Detectives J. C. Patrick, and/or Sheriff Carson and Chief Patrick had a policy, custom, or usage of deliberate indifference towards the rights of Plaintiffs solely because of their race or color.

-11-

37.    As a direct and proximate result of the conduct of the Defendants as aforesaid, Plaintiffs suffered loss of security, companionship, and parental guidance of Johnnie Mae Chappell, emotional distress, interference with family relations, deprivation of their right to access to the Courts, humiliation and indignity, and other deprivation under the law.

WHEREFORE, Plaintiffs demand judgment for damages against the Defendants, J.W. Rich, Elmer Kato, James Alex Davis, Wayne M. Chessman, Dale Carson, and Nathaniel Glover, jointly and severally, for punitive damages, the costs of this action, attorneys' fees, and such and other relief as may be just and equitable in the premises.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable in this cause.

### COUNT II

### TITLE 42 USC SECTION 1981

38.    The Plaintiffs, Paula Burns both individually and as Personal Representative of the Estate of Johnnie Mae Chappell, as well as Martha Bolden, Ruthie Montero, Jackie Williams, Kathy Walker, Willie Chappell, Alonzo Chappell, Gregory Chappell, Ernest Chappell and Shelton Chappell reallege paragraphs 1 through 32 of the General Allegations as if fully set forth herein.

-12-

39.    The Plaintiffs are entitled to relief against the Defendants upon the following facts:

(a)    Title 42 USC  Section 1981 guarantees all persons the right of judicial process "to sue, be parties" and "give evidence", "to the full benefit of all laws and proceedings for the security of persons and property as if enjoyed by white citizens."

(b)    All Plaintiffs are within the  class of persons protected by said above-mentioned statute.

(c)    All conspirators were motivated to injure and deprive Plaintiffs of their constitutionally protected equal rights under the law due to Plaintiffs' color and/or race.

(d)    Due to the actions of the conspiracy, Plaintiffs have not been able to enjoy the right to judicial process, including the right to sue, be parties, and give evidence.

(e)    Due to actions of the conspiracy, Plaintiffs have not been able to enjoy the full benefit of all laws and proceedings for the security of persons and property as protected under said above-mentioned law.

(f)    As a direct and proximate result of conspirators' actions, Plaintiffs' ability "to sue, be parties, and give evidence to the full benefit of all laws and proceedings for the security of persons and property in any civil and criminal action" concerning Plaintiffs' loss of rights concerning the

-13-

above-referenced allegations has been denied or in the alternative <u>negligently</u> denied by conspirators.

WHEREFORE, Paula Burns both individually and as Personal Representative of the Estate of Johnnie Mae Chappell, Martha Bolden, Ruthie Montero, Jackie Williams, Willie Chappell, Alonzo Chappell, Ernest Chappell and Shelton Chappell demand judgment against the Defendants Wayne M. Chessman, Elmer Cato, J. W. Rich, James Alex Davis, Dale Carson, individually and in his official capacity as former Sheriff of Duval County, Florida, and Sheriff Nathaniel Glover in his official capacity as Sheriff of Duval County, Florida, for punitive damages, the costs of this action, attorneys' fees, and such and other relief as may be just and equitable in the premises.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable in this cause.

## COUNT III

## TITLE 42 USC 1985, PARAGRAPH 2[2]

40.    The Plaintiffs reallege paragraphs 1 through 32 of the General Allegations as is fully set forth herein.

41.    The Plaintiffs are entitled to relief from the Defendants upon the following facts:

-14-

(a)      Title 42 USC Section 1985 paragraph 2 protects against "two or more persons who conspired for the purpose of impeding, hindering, obstructing, or defeating", "the due course of justice in any state", "with intent to deny any to any citizen the equal protection of the laws."

(b)      Plaintiffs are African American members of the protective class of citizens said law was designed to protect.

(c)      The motivating factor in the conspiracy to restrict and/or injure the Plaintiffs' right to equal protection under the Fourteenth Amendment was Plaintiffs' race and color.

(d)      Plaintiffs have the constitutionally protected right of judicial redress, in that Plaintiffs could vindicate the death of Johnnie Mae Chappell through civil judicial action or otherwise.

(e.)      Conspirator's actions of misplacing and/or tampering with evidence, as well as, ordering Duval County Sheriff's Office's Detectives C. Lee Cody and Donald Ray Coleman off of the active and ongoing investigation of the murder of Johnnie Mae Chappell, obstructed legitimate efforts to vindicate the death of Johnny Mae Chappell through judicial redress, by interfering with the due process right of access to courts.

(f)      Said acts of the conspiracy, were the direct and proximate cause of damages suffered by the Plaintiffs including loss of

-15-

society and companionship of Johnnie Mae Chappell to all of her children herein mentioned and deprivations of due process and racial equality to the Estate of Johnnie Mae Chappell.

WHEREFORE, Paula Burns both individually and as Personal Representative of the Estate of Johnnie Mae Chappell, Alonzo Chappell, Martha Bowen, Ruthie Montero, Jackie Williams, Ernest Chappell and Shelton Chappell demand judgment against the Defendants Wayne M. Chessman, Elmer Cato, J. W. Rich, James Alex Davis, Dale Carson, individually and in his former capacity as Sheriff of Duval County, Florida and Nathaniel Glover in his official capacity as Sheriff of Duval County, Florida, and successor of former Sheriff Dale Carson, for punitive damages, the costs of this action, attorneys' fees, and such and other relief as may be just and equitable in the premises.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable in this cause.

## COUNT IV

### TITLE 42 USC 1985(3)

42.    The Plaintiffs reallege paragraphs 1 through 32of the General Allegations as is fully set forth herein.

43.    The Plaintiffs are entitled to relief against the Defendants upon the following facts:

-16-

(a)     Title 42 USC Section 1985(3) protects certain classes of Plaintiffs from conspiracies which would deprive Plaintiffs of their constitutionally guaranteed equal rights and/or equal protection and immunities under the law.

(b)     Plaintiffs are African American members of one of the protective classes under Title 42 USC 1985(3).

(c)     The above-mentioned conspiracy was motivated to deprive the Plaintiffs of their constitutionally protected rights of equal protection and immunities and/or equal rights under the First and/or Fourteenth Amendment due to Plaintiffs race and color.

(d)     The Plaintiffs have the right of equal protection and immunities as well as equal rights under the Fourteenth and First Amendments.

(e)     Said conspirators, through the aforesaid acts of conspiracy, sought to deprive Plaintiffs of said rights and privileges guaranteed to Plaintiffs by causing the death of Johnnie Mae Chappell and then furthering the conspiracy by tampering with evidence and obstructing justice, as well as removing Duval County Sheriff's Detectives C. Lee Cody and Donald Ray Coleman from their ongoing police investigation of the death of Johnnie Mae Chappell

-17-

(f)    Said ongoing conspiracy is the direct and proximate cause of the Plaintiffs' damages and injuries including loss of society and companionship of Johnnie Mae Chappell to all of her children herein mentioned, infliction of emotional distress, denial of access to the Courts and other deprivations of due process and racial equality to the Estate of Johnnie Mae Chappell.

WHEREFORE, Paula Burns both individually and as Personal Representative of the Estate of Johnnie Mae Chappell, Alonzo Chappell, Martha Bowen, Ruthie Montero, Jackie Williams, Ernest Chappell and Shelton Chappell demand judgment against the Defendants Wayne M. Chessman, Elmer Cato, J. W. Rich, James Alex Davis, Dale Carson, individually and in his former capacity as Sheriff of Duval County, Florida and Nathaniel Glover in his official capacity as Sheriff of Duval County, Florida, and successor of former Sheriff Dale Carson, for punitive damages, the costs of this action, attorneys' fees, and such and other relief as may be just and equitable in the premises.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable in this cause.

### COUNT V

### TITLE 42 USC 1986

-18-

44.    The Plaintiffs reallege paragraphs 1 through 32 of the General Allegations as is fully set forth herein.

45.    The Plaintiffs are entitled to relief from the Defendants upon the following facts:

(a)    42 USC 1986 provides a cause of action against "every person who, having knowledge" concerning "wrongs conspired to be done", "are about to be committed, as mentioned in 42 USC 1985, and having" the "power to prevent and aid in preventing the commission of the same", but fail to prevent or aid in the prevention of such wrongdoing.

(b)    Plaintiffs were in the class of citizens for which 42 USC 1986 was designed to protect.

(c)    Plaintiffs alleged valid and/or meritous 42 USC 1985(2) and (3) claims.

(d)    Defendant Nathaniel Glover, in his official capacity as Sheriff of Duval County and successor in interest to former Sheriff Dale Carson and Defendant Dale Carson individually, and in his official capacity as former Sheriff of Duval County, herein referred to as "Sheriff", are liable under said Count due to the fact that they knew, or should have known about said conspiracy to deprive Plaintiffs of constitutionally protected rights and privileges by: obstructing legitimate efforts to vindicate the killing of Johnnie Mae Chappell through judicial redress,  and by denying

-19-

Plaintiffs' protected rights to equal protection and equal rights under the Fourteenth and First Amendments.

(e)    Sheriff Carson had the power and/or ability to prevent or aid in preventing the commission of said wrongful acts.

(f)    Sheriff Carson neglected to prevent or aid in the prevention of said conspiracy.

(g)    Additional wrongful acts were committed by said conspiracy, including: removal of Detective C. Lee Cody and Donald Ray Coleman from positions as detectives with the Duval County Sheriff's Office who were working on an open investigation of Defendants Rich, Cato, Chessman and Davis to positions in the Warrants Division and Bailiffs Division, respectively in the Duval County Sheriff's Office, and obstruction of justice in an ongoing police investigation.

(h)    Said additional wrongful acts could have been prevented and/or aided in the prevention of if Sheriff Carson would have performed his legal duties and/or obligations within reasonable diligence.

(i)    Said failure to act with reasonable diligence on the part of Sheriff Carson was the proximate and direct cause of the damages suffered by Plaintiffs which included loss of society and companionship of Johnnie Mae Chappell to all of her children herein mentioned, and

deprivations of due process and racial equality to the Estate of Johnnie Mae Chappell.

WHEREFORE, Paula Burns both individually and as Personal Representative of the Estate of Johnnie Mae Chappell, Alonzo Chappell, Martha Bowen, Ruthie Montero, Jackie Williams, Ernest Chappell and Shelton Chappell demand judgment against the Defendants Wayne M. Chessman, Elmer Cato, J. W. Rich, James Alex Davis, Dale Carson, individually and in his former capacity as Sheriff of Duval County, Florida and Nathaniel Glover in his official capacity as Sheriff of Duval County, Florida, and successor of former Sheriff Dale Carson, for punitive damages, the costs of this action, attorneys' fees, and such and other relief as may be just and equitable in the premises.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable in this cause.

DATED this 23rd day of March, 2000.

LASSITER & ASSOCIATES

William T. Lassiter, Jr., Esquire
Trial Counsel
Florida Bar Number:  119553
720 North Ocean Street
Jacksonville, Florida  32202
(904) 354-0099
(904) 354-1965 - Fax
Attorney for Plantiffs

-21-